IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JOAN TRUMMEL,

    Plaintiff,

v.

STAR CLIPPERS, LTD., CORP.,
STAR CLIPPERS GSA, INC. d/b/a
STAR CLIPPERS AMERICAS,
STAR CLIPPERS LTD.,
STAR CLIPPERS MONACO SAM, and
LUXEMBOURG SHIPPING SERVICE, S.A.,

    Defendants.
_____/

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendants and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, JOAN TRUMMEL, is a citizen of California.

2. Defendant, STAR CLIPPERS, LTD., CORP., is a foreign entity with its principal place of business in Florida.

3. Defendant, STAR CLIPPERS GSA, INC. d/b/a STAR CLIPPERS AMERICAS, is a Florida entity with its principal place of business in Florida.

4. Defendant, STAR CLIPPERS LTD., is a foreign entity doing business in Florida.

5. Defendant, STAR CLIPPERS MONACO SAM, is a foreign entity doing business in Florida.

- 2 -

6. Defendant, LUXEMBOURG SHIPPING SERVICE, S.A., is a foreign entity doing business in Florida.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of the Court.

8. At all times material hereto, Defendants were each agents, servants, employees and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture.

9. At all times material hereto, all Defendants, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Were engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendants were engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Star Flyer*.

10. Defendants are subject to the jurisdiction of the Courts of this State.

11. The causes of action asserted in this Complaint arise under Florida common law, Florida statutory law, and the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

12. At all times material hereto, Defendants, STAR CLIPPERS, LTD., CORP., STAR CLIPPERS LTD., STAR CLIPPERS MONACO SAM, and/or LUXEMBOURG SHIPPING SERVICE, S.A., owned, operated, managed, maintained and/or controlled the *Star Flyer* vessel.

13. At all times material hereto, Defendant, STAR CLIPPERS GSA, INC. d/b/a STAR CLIPPERS AMERICAS, provided sales and marketing services to the public for cruises aboard Star Clippers vessels, including, but not limited to, the *Star Flyer*. These sales and marketing services were provided from its office in Miami, Florida as well as through Defendants' website, http://www.starclippers.com/.

14. At all times material hereto, the Plaintiff purchased a passenger cruise ticket for 14 nights in the French Polynesia and the Cook Islands aboard the *Star Flyer* vessel. The Plaintiff purchased the passenger cruise ticket from her residence in California.

15. At all times material hereto, Defendants provided the Plaintiff a Contract of Passage, which set forth the terms and conditions applicable to the subject cruise. The Contract of Passage was sent to the Plaintiff in California, and it was also disseminated from Defendants' website, http://www.starclippers.com/.

16. The Contract of Passage provided, in pertinent part, the following terms and conditions:

> **NOTICE REQUIREMENTS / TIME LIMITS.** No suits, action or proceeding, including, without limitation those brought <u>in rem</u> and/or <u>in personam</u>, shall be maintained against the Carrier for any loss, damage or injury to Passenger arising from any cause whatsoever, including, but not limited to damage to property, delay, detention, ***personal injury***, illness or death unless ***written notice of the claim*** with full particulars ***is delivered*** to the Carrier at 4, Rue De La Turbie, MC 98000 – Monaco ***<u>within six (6) months</u> from the day when such loss, damage or injury to the Passenger occurred***.
>
> Section 11 of the Contract of Passage, which is attached hereto as Exhibit 1 (emphasis added).

17. The Contract of Passage also provided that "any and all claims, disputes or controversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before a court of proper jurisdiction located in the Principality of Monaco". Section 21 of Exhibit 1.

18. On or about May 11, 2008, the subject cruise aboard the *Star Flyer* commenced, and the Plaintiff was a paying passenger on the vessel.

19. On or about May 16, 2008, the Plaintiff was a passenger aboard a tender that was providing transportation between the vessel and Aitutaki, Cook Islands (the scheduled port of call).

20. At all times material hereto, the tender was owned, operated, managed, maintained and/or controlled by Defendants.

21. On or about May 16, 2008, while the Plaintiff was aboard the tender waiting to board the *Star Flyer* vessel, the Plaintiff was severely injured when her left hand was caught between the tender and the gangway. The Plaintiff's injuries, included, but were not limited to, fractures to multiple fingers and a substantial portion of the skin being torn off, thereby exposing tendons.

22. Following the above incident, the Plaintiff spent several days being transported to multiple hospitals for medical treatment, including two hospitals within the South Pacific and a hospital in California. Thereafter, the Plaintiff underwent numerous painful surgeries (among other treatment) throughout the course of years.

23. On or about October 6, 2008 (*less than five months* after the Plaintiff's incident), the Plaintiff's undersigned counsel sent a written notice to Defendants concerning the Plaintiff's incident, pursuant to the Contract of Passage.

24. In addition, on or about November 4, 2008, (*less than six months* after the Plaintiff's incident), the Plaintiff's counsel sent a second written notice to Defendants concerning the Plaintiff's incident, pursuant to the Contract of Passage.

25. On or about November 13, 2008, Defendants sent Plaintiff's counsel a written letter acknowledging receipt of Plaintiff's November 4, 2008 written notice.

26. On or about May 8, 2009, the Plaintiff filed a lawsuit against Defendants, STAR CLIPPERS MONACO SAM and LUXEMBOURG SHIPPING SERVICE, S.A., in Monaco, pursuant to the Contract of Passage.

27. Throughout the course of litigation in Monaco, Defendants, STAR CLIPPERS MONACO SAM and LUXEMBOURG SHIPPING SERVICE, S.A., took the position *for the first time* that the Plaintiff did not provide Defendants written notice within the time required under Monaco law. Specifically, Defendants, STAR CLIPPERS MONACO SAM and LUXEMBOURG SHIPPING SERVICE, S.A., argued that pursuant to Article L 524-19 of the Code of the Sea applicable in Monaco, written notice of claims must be submitted within *fifteen (15) days* after the passengers' disembarkation date.

28. In response, the Plaintiff argued that the parties' Contract of Passage provided for a longer, six-month notice deadline which the Plaintiff complied with, and the trial court agreed with the Plaintiff.

29. On appeal, however, the appellate court reversed the trial court's ruling, and the Plaintiff's lawsuit was dismissed for failure to provide timely notice within 15 days under the above Monaco law. The Plaintiff appealed the dismissal to the highest court in Monaco.

30. On or about October 14, 2015, following years of litigation and appeals, the dismissal of the Plaintiff's lawsuit was upheld by the highest court in Monaco for failure to provide timely notice within 15 days under Monaco law, thereby causing the Plaintiff substantial damage.

## COUNT I
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

31. This is a cause of action for damages, including costs and attorneys' fees, brought pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), codified at Section 501.204 of the Florida Statutes.

32. At all times material hereto, Defendants engaged in trade or commerce.

33. At all times material hereto, Defendants fraudulently, willfully, and/or negligently misrepresented in their Contract of Passage and their website that the deadline for providing written notice of claims to Defendants was six (6) months from the date of the incident.

34. At all times material hereto, Defendants fraudulently, willfully, and/or negligently concealed that the deadline for providing written notice of claims to Defendants was actually fifteen (15) days after the passengers' disembarkation date pursuant to Monaco law, which Defendants made applicable through the terms of Defendants' Contract of Passage.

35. At all times material hereto, the above actions by Defendants are unethical, oppressive, unscrupulous, substantially injurious to consumers, and offends public policy such that it constitutes an unfair method of practice. The above actions by Defendants are also deceptive in that consumers acting reasonably under the circumstances (like the Plaintiff) would likely be misled to their detriment as a result of Defendants representing that the notice deadline was six

Case 1:15-cv-24447-KMW   Document 1   Entered on FLSD Docket 12/02/2015   Page 7 of 18

months from the date of the incident and omitting that Monaco law actually requires notice be provided 15 days after the passengers' disembarkation date.

36. At all times material hereto, Defendants knew or should have known that (a) consumers would likely rely on the six-month notice deadline contained in the Contract of Passage, (b) consumers would likely fail to comply with the 15-day notice deadline applicable in Monaco because they would be relying on the longer, six-month notice deadline contained in the Contract of Passage; and, (c) consumers' lawsuits would likely be dismissed in Monaco for their failure to comply with the 15-day notice deadline applicable in Monaco.

37. At all times material hereto, the Plaintiff reasonably relied on the six-month notice deadline contained in the Contract of Passage and Defendants' website. The Plaintiff's reasonable reliance was to her detriment because the Plaintiff's lawsuit was dismissed for failure to comply with Monaco's 15-day notice deadline.

38. As a direct and proximate result of Defendants' violations of FDUPTA, the Plaintiff has sustained and continues to sustain damages, including, but not limited to, the inability to initiate any legal proceedings against Defendants for the injuries that the Plaintiff suffered, including, but not limited to, the injuries to Plaintiff's body and extremity, physical pain, loss of enjoyment of life, disability, physical handicap, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, all or some of which are permanent or continuing in nature. The Plaintiff has suffered in the past and continues to suffer mental anguish due to Defendants' actions and due to the uncertainty as to her future livelihood. In addition, the Plaintiff incurred medical expenses in the care and treatment of Plaintiff's injuries, and because the Plaintiff was unable to initiate any legal proceedings against Defendants in Monaco, the Plaintiff is now personally responsible for a portion or the entirety of the medical expenses. The Plaintiff is also now personally responsible

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

for the entirety of the medical expenses for future medical treatment. The Plaintiff (through her agents) also incurred costs associated with hiring attorneys licensed in Monaco, prosecuting her case in Monaco, and initiating and prosecuting the instant action. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

39. Pursuant to Florida Statute § 501.2105, Plaintiff is entitled to recover costs, including reasonable attorney's fees for both the instant action as well as the litigation in Monaco.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT II
## FRAUDULENT INDUCEMENT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

40. At all times material hereto, the statements and/or representations disseminated by Defendants in their Contract of Passage and their website concerning the notice deadline were materially false and/or misleading.

41. At all times material hereto, Defendants knew, or through the exercise of reasonable care or investigation could or might have ascertained, that the statements and/or representations contained in their Contract of Passage and their website concerning the notice deadline were false and/or misleading.

42. At all times material hereto, the statements and/or representations Defendants disseminated in their Contract of Passage and their website providing a six-month notice deadline were so made or disseminated with the intent or purpose, either directly or indirectly, to induce passengers (like the Plaintiff) to rely on them so that those passengers (like the Plaintiff) would fail to comply with

the 15-day notice deadline applicable in Monaco and ultimately have their lawsuits dismissed for failure to comply with the 15-day notice deadline applicable in Monaco.

43. At all times material hereto, the Plaintiff reasonably and justifiably relied on the six-month notice deadline contained in the Contract of Passage and Defendants' website.  The Plaintiff's reliance was to her detriment because the Plaintiff's meritorious lawsuit was dismissed solely for failure to comply with Monaco's 15-day notice deadline.

44. As a direct and proximate result of Defendants' fraudulent inducement, the Plaintiff has sustained and continues to sustain damages, including, but not limited to, the inability to initiate any legal proceedings against Defendants for the injuries that the Plaintiff suffered, including, but not limited to, the injuries to Plaintiff's body and extremity, physical pain, loss of enjoyment of life, disability, physical handicap, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, all or some of which are permanent or continuing in nature.  The Plaintiff has suffered in the past and continues to suffer mental anguish due to Defendants' actions and due to the uncertainty as to her future livelihood.  In addition, the Plaintiff incurred medical expenses in the care and treatment of Plaintiff's injuries, and because the Plaintiff was unable to initiate any legal proceedings against Defendants in Monaco, the Plaintiff is now personally responsible for a portion or the entirety of the medical expenses.  The Plaintiff is also now personally responsible for the entirety of the medical expenses for future medical treatment.  The Plaintiff (through her agents) also incurred costs associated with hiring attorneys licensed in Monaco, prosecuting her case in Monaco, and initiating and prosecuting the instant action.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT IIII
## FRAUDULENT CONCEALMENT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

45. At all times material hereto, Defendants misrepresented, concealed and/or failed to disclose material facts concerning the deadline for passengers to submit written notice to Defendants for potential claims. Specifically, Defendants stated and/or represented that the deadline for providing written notice of claims to Defendants was six (6) months from the date of the incident, and Defendants concealed that the deadline was actually fifteen (15) days after the passengers' disembarkation date pursuant to Monaco law, which Defendants made applicable through the terms of Defendants' Contract of Passage.

46. At all times material hereto, Defendants knew that the statements and/or representations contained in their Contract of Passage and their website concerning the six-month notice deadline were false and/or misleading.

47. At all times material hereto, Defendants knew or should have known that the 15-day notice deadline applicable in Monaco should be disclosed because a substantial portion of the consumers purchasing Defendants' cruises (like the Plaintiff) were not from Monaco and they would likely rely on the six-month notice deadline contained in Defendants' Contract of Passage and their website. Further, by stating and/or representing that the deadline for providing written notice of claims to Defendants was six (6) months from the date of the incident, Defendants had a duty to disclose the *whole* truth (i.e., that the notice deadline under Monaco law was fifteen (15) days after the passengers' disembarkation date).

48. At all times material hereto, the Plaintiff's opportunity to learn relevant facts concerning the applicable law in Monaco was not equivalent to that of Defendants, considering that

Defendants (unlike the Plaintiff) are in the business of providing cruises, require passengers to initiate lawsuits in Monaco, and regularly litigate claims made by passengers in Monaco

49. At all times material hereto, the statements and/or representations Defendants disseminated in their Contract of Passage and their website providing a six-month notice deadline were so made or disseminated with the intent or purpose, either directly or indirectly, to induce passengers (like the Plaintiff) to rely on them so that those passengers (like the Plaintiff) would fail to comply with the 15-day notice deadline applicable in Monaco and ultimately have their lawsuits dismissed for failure to comply with the 15-day notice deadline applicable in Monaco.

50. At all times material hereto, the Plaintiff reasonably and justifiably relied on the six-month notice deadline contained in the Contract of Passage and Defendants' website.  The Plaintiff's reliance was to her detriment because the Plaintiff's meritorious lawsuit was dismissed solely for failure to comply with Monaco's 15-day notice deadline.

51. As a direct and proximate result of Defendants' fraudulent concealment, the Plaintiff has sustained and continues to sustain damages, including, but not limited to, the inability to initiate any legal proceedings against Defendants for the injuries that the Plaintiff suffered, including, but not limited to, the injuries to Plaintiff's body and extremity, physical pain, loss of enjoyment of life, disability, physical handicap, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, all or some of which are permanent or continuing in nature.  The Plaintiff has suffered in the past and continues to suffer mental anguish due to Defendants' actions and due to the uncertainty as to her future livelihood.  In addition, the Plaintiff incurred medical expenses in the care and treatment of Plaintiff's injuries, and because the Plaintiff was unable to initiate any legal proceedings against Defendants in Monaco, the Plaintiff is now personally responsible for a portion or the entirety of the medical expenses.  The Plaintiff is also now personally responsible

- 12 -

for the entirety of the medical expenses for future medical treatment. The Plaintiff (through her agents) also incurred costs associated with hiring attorneys licensed in Monaco, prosecuting her case in Monaco, and initiating and prosecuting the instant action. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

52. At all times material hereto, Defendants misrepresented, concealed and/or failed to disclose material facts concerning the deadline for passengers to submit written notice to Defendants for potential claims. Specifically, Defendants stated and/or represented that the deadline for providing written notice of claims to Defendants was six (6) months from the date of the incident, and Defendants concealed that the deadline was actually fifteen (15) days after the passengers' disembarkation date pursuant to Monaco law, which Defendants made applicable through the terms of Defendants' Contract of Passage.

53. At all times material hereto, Defendants knew, or through the exercise of reasonable care or investigation could or might have ascertained, that the statements and/or representations contained in their Contract of Passage and their website concerning the six-month notice deadline were false and/or misleading.

54. At all times material hereto, Defendants knew or should have known that the 15-day notice deadline applicable in Monaco should be disclosed because a substantial portion of the consumers purchasing Defendants' cruises (like the Plaintiff) were not from Monaco and they would likely

rely on the six-month notice deadline contained in Defendants' Contract of Passage and their website.  Further, by stating and/or representing that the deadline for providing written notice of claims to Defendants was six (6) months from the date of the incident, Defendants had a duty to disclose the *whole* truth (i.e., that the notice deadline under Monaco law was fifteen (15) days after the passengers' disembarkation date).

55. At all times material hereto, the Plaintiff's opportunity to learn relevant facts concerning the applicable law in Monaco was not equivalent to that of Defendants, considering that Defendants (unlike the Plaintiff) are in the business of providing cruises, require passengers to initiate lawsuits in Monaco, and regularly litigate claims made by passengers in Monaco

56. At all times material hereto, the statements and/or representations Defendants disseminated in their Contract of Passage and their website providing a six-month notice deadline were so made or disseminated with the intent or purpose, either directly or indirectly, to induce passengers (like the Plaintiff) to rely on them so that those passengers (like the Plaintiff) would fail to comply with the 15-day notice deadline applicable in Monaco and ultimately have their lawsuits dismissed for failure to comply with the 15-day notice deadline applicable in Monaco.

57. At all times material hereto, the Plaintiff reasonably and justifiably relied on the six-month notice deadline contained in the Contract of Passage and Defendants' website.  The Plaintiff's reliance was to her detriment because the Plaintiff's meritorious lawsuit was dismissed solely for failure to comply with Monaco's 15-day notice deadline.

58. As a direct and proximate result of Defendants' negligent misrepresentation, the Plaintiff has sustained and continues to sustain damages, including, but not limited to, the inability to initiate any legal proceedings against Defendants for the injuries that the Plaintiff suffered, including, but not limited to, the injuries to Plaintiff's body and extremity, physical pain, loss of

enjoyment of life, disability, physical handicap, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, all or some of which are permanent or continuing in nature. The Plaintiff has suffered in the past and continues to suffer mental anguish due to Defendants' actions and due to the uncertainty as to her future livelihood.  In addition, the Plaintiff incurred medical expenses in the care and treatment of Plaintiff's injuries, and because the Plaintiff was unable to initiate any legal proceedings against Defendants in Monaco, the Plaintiff is now personally responsible for a portion or the entirety of the medical expenses.  The Plaintiff is also now personally responsible for the entirety of the medical expenses for future medical treatment. The Plaintiff (through her agents) also incurred costs associated with hiring attorneys licensed in Monaco, prosecuting her case in Monaco, and initiating and prosecuting the instant action.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT V
## EQUITABLE ESTOPPEL

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

59. At all times material hereto, Defendants fraudulently, willfully, and/or negligently misrepresented in their Contract of Passage and their website that the deadline for the Plaintiff to provide written notice of claims to Defendants was six (6) months from the date of the incident, which was a material fact.

60. Following the above representation, Defendants asserted a contrary position throughout the course of litigation in Monaco.  Specifically, Defendants argued that the deadline for the Plaintiff

to provide written notice of claims to Defendants was fifteen (15) days following the Plaintiff's disembarkation date – not six (6) months from the date of the incident.

61. At all times material hereto, the Plaintiff reasonably and justifiably relied on the six-month notice deadline contained in the Contract of Passage and Defendants' website.  The Plaintiff's reliance was to her detriment because the Plaintiff's meritorious lawsuit was dismissed solely for failure to comply with Monaco's 15-day notice deadline.

62. As a direct and proximate result of Defendants' actions, the Plaintiff has sustained and continues to sustain damages, including, but not limited to, the inability to initiate any legal proceedings against Defendants for the injuries that the Plaintiff suffered, including, but not limited to, the injuries to Plaintiff's body and extremity, physical pain, loss of enjoyment of life, disability, physical handicap, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, all or some of which are permanent or continuing in nature.  The Plaintiff has suffered in the past and continues to suffer mental anguish due to Defendants' actions and due to the uncertainty as to her future livelihood.  In addition, the Plaintiff incurred medical expenses in the care and treatment of Plaintiff's injuries, and because the Plaintiff was unable to initiate any legal proceedings against Defendants in Monaco, the Plaintiff is now personally responsible for a portion or the entirety of the medical expenses.  The Plaintiff is also now personally responsible for the entirety of the medical expenses for future medical treatment.  The Plaintiff (through her agents) also incurred costs associated with hiring attorneys licensed in Monaco, prosecuting her case in Monaco, and initiating and prosecuting the instant action.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law, including equitable relief, and demand trial by jury.

## COUNT VI
## NEGLIGENCE FOR INCIDENT THAT OCCURRED ON OR ABOUT MAY 16, 2008

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

63. The cause of action asserted herein arises under the General Maritime Law of the United States.

64. The Contract of Passage was rendered void by Defendants' fraudulent actions, as described above. As a result, the one-year statute of limitations contained in Defendants' Contract of Passage is not applicable, and the applicable statute of limitations is three years pursuant to 46 U.S.C. § 30106. Defendants' fraudulent actions described above also tolled the statute of limitations.

65. At all times material hereto, it was the duty of Defendants to provide the Plaintiff with reasonable care under the circumstances.

66. At all times material hereto, it was also the duty of Defendants to exercise a high degree of care in safely embarking and disembarking the passengers, including the Plaintiff, during tender service.

67. On or about May 16, 2008, Defendants and/or their agents, servants, and/or employees, breached the aforementioned duties to the Plaintiff.

68. On or about May 16, 2008, the Plaintiff was injured due to the fault and/or negligence of Defendants, and/or their agents, servants and/or employees, for acts and/or omissions that include, but are not limited to, the following:

    a. Failure to adequately secure the tender while passengers are embarking/disembarking; and/or

    b. Failure to determine whether the use of the tender was reasonable considering the roughness of the seas; and/or

c. Failure to provide adequate handrails and/or grips aboard the tender; and/or

d. Failure to warn passengers (including the Plaintiff) of the dangers aboard the tender; and/or

e. Failure to provide an adequate number of crewmembers to assist passengers in embarking/disembarking the tender; and/or

f. Failure to adequately monitor passengers so as to keep them away from dangerous situations aboard the tender and/or in embarking/disembarking the tender; and/or

g. Failure to adequately train crewmembers with regard to monitoring and assisting passengers aboard the tender and/or in embarking/disembarking the tender; and/or

h. Failure to warn passengers (including the Plaintiff) of sudden and/or unexpected movement aboard the tender; and/or

i. Failure to instruct passengers and crewmembers on how to embark/disembark the tender in a safe manner; and/or

j. Failure to properly train crewmembers with regard to embarking/disembarking the tender in a safe manner and/or safely transporting passengers between the vessel and Aitutaki, Cook Islands; and/or

k. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to having passengers and/or crewmembers safely embark/disembark the tender and/or safely transporting passengers between the vessel and Aitutaki, Cook Islands.

69. All or some of the above acts and/or omissions by Defendants, and/or their agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured when her left hand was caught between the tender and the gangway.

70. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

71. As a direct and proximate result of Defendants' negligence, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com